# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-1068** (Jefferson County CC-19-2017-F-156)

**Derrick B.,**
**Defendant Below, Petitioner**

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Derrick B.,[1] by counsel Jason M. Stedman, appeals the Circuit Court of Jefferson County's November 5, 2018, order sentencing him to an effective term of not less than 100 nor more than 400 years of incarceration following his conviction of four counts of first-degree sexual assault and four counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust. The State of West Virginia, by counsel Elizabeth Grant, filed a response. On appeal, petitioner argues that the circuit court erred in denying his motion for a new trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standards of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2017, petitioner was indicted by a Jefferson County Grand Jury on seven counts of first-degree sexual assault and seven counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust. The indictment alleged that, over the course of a year, petitioner committed sexual acts upon O.T. and N.G., who were approximately nine years old at

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. See *In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

the time. During the investigation into the allegations, interviews of O.T. and N.G., along with two other children, F.G. and L.M., were conducted by the Child Advocacy Center ("CAC").[2]

During the course of discovery, the State filed a notice of intent to use evidence pursuant to Rule 404(b) of the West Virginia Rules of Evidence. Specifically, the State sought leave from the circuit court to present the testimony of O.T., N.G., F.G., and L.M. at trial. In August of 2018, the circuit court held a hearing on the matter and, ultimately, determined that the State could present the testimony of these children. Petitioner's trial commenced on August 28, 2018. The State presented the testimony of several witnesses, including a police officer who investigated the allegations of sexual abuse. The officer testified that, in the course of his investigation, a CAC interview was also performed of another child, S.L. Following testimony that day, petitioner's counsel asked the circuit court and the State whether there were additional CAC interviews that had not been disclosed. The officer testified again, outside the presence of the jury, that CAC interviews of four other children had also been conducted: J.B. and I.B., petitioner's children, and S.L. and A.M., children who frequented petitioner's home. The officer stated that he did not disclose these interviews because they contained no information implicating petitioner of abuse. The officer also testified that he notified the State of these CAC interviews the day before petitioner's trial. The circuit court ordered the State to provide petitioner's counsel with copies of each of the CAC interviews to allow him time to review them. The circuit court also informed petitioner's counsel that he could call any of these four children to testify if he deemed their testimony necessary.

At the start of the second day of trial, petitioner's counsel advised the circuit court that he

was able to review the CAC interviews of A.M., S.L., I.B., and J.B. Unfortunately, I was unable to locate any substantive evidence. I have spoken to witnesses last night. I don't have anyone I am going to be call[ing] today. I have related that information to [petitioner] and [petitioner] understands that.

Nevertheless, the circuit court performed an analysis of the CAC interviews pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *State v. Youngblood*, 221 W. Va. 20, 650 S.E.2d 119 (2007). The circuit court concluded that the State's failure to disclose the interviews prior to trial did not violate the principles of *Brady* and *Youngblood* because the information was neither exculpatory nor useful for impeachment; the State was unaware of the interviews; and petitioner was not prejudiced because the interviews contained no information regarding his innocence as to the crimes charged. At the close of the trial, the jury convicted petitioner of four counts of first-degree sexual assault and four counts of sexual abuse by a parent, guardian, custodian, or other person in a position of trust.

Petitioner filed a motion for a new trial, arguing that he was prejudiced by the State's failure to provide the CAC interviews of S.L., A.M., J.B., and I.B. On October 29, 2018, the circuit court held a hearing on petitioner's motion for a new trial, as well as his sentencing. Following argument, the circuit court denied petitioner's motion for a new trial, finding that the CAC interviews were

---

[2]F.G. and L.M. were also alleged child victims of petitioner; they were included in a related indictment in Berkeley County, West Virginia.

neither material nor exculpatory. Specifically, the circuit court noted that the children's testimony would have been that "nothing happened to them." The circuit court further noted that petitioner did not request a continuance or additional time to review the interviews, despite the circuit court's instruction that it would subpoena any of the children petitioner wished to call as a witness. Finding no merit in petitioner's motion for a new trial, the circuit court sentenced petitioner to not less than 25 nor more than 100 years of incarceration for each count of first-degree sexual abuse, to be served consecutively, and not less than 10 nor more than 20 years of incarceration for each count of sexual abuse by a parent, guardian, custodian, or person in a position of trust, to be served concurrently with the sentences for first-degree sexual assault. It is from the November 5, 2018, sentencing order that petitioner appeals.

We have previously held that,

> [i]n reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W. Va. 640, 535 S.E.2d 484 (2000).

In his sole assignment error, petitioner argues that the circuit court erred in denying his motion for new trial based on the State's failure to provide the four additional CAC interviews prior to trial. According to petitioner, he never received the name and contact information for some of the children prior to trial, despite having requested it. He claims that if the CAC interviews had been provided in a timely manner, he could have interviewed the children and "[a]dditional evidence could have been discovered that might have been favorable to [him] as exculpatory or impeachment purposes." Petitioner also claims this information could have been useful in identifying additional information or witnesses. Petitioner contends that these CAC interviews were willfully or inadvertently suppressed by the State and that he was prejudiced at trial because the nondisclosure prevented him from identifying relevant witnesses. Based on these assertions, petitioner contends that his rights under *Brady* were violated.

This Court has held that "[a] claim for violation of *Brady v. Maryland* . . . presents mixed questions of law and fact. Consequently, the circuit court's factual findings should be reviewed under a clearly erroneous standard, and questions of law are subject to a *de novo* review." Syl. Pt. 7, *State v. Black*, 227 W. Va. 297, 708 S.E.2d 491 (2010). In order to establish a claim for a constitutional due process violation under *Brady*, this Court has held that three components must be established: "(1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must have been material, i.e., it must have prejudiced the defense at trial." *Youngblood*, 221 W. Va. at 22, 650 S.E.2d at 121, syl. pt. 2, in part.

Having reviewed the record, we find no merit in petitioner's argument. To begin, petitioner implicitly acknowledges that the CAC interviews contained no favorable exculpatory or

3

impeachment evidence. Indeed, his argument is premised on the idea that he could have obtained contact information and that "additional evidence could have been discovered that could have been favorable." As such, it is clear that petitioner failed to prove the first component of *Youngblood*— that the evidence at issue be favorable to the defendant as exculpatory or impeachment evidence. Nor does the failure to disclose this evidence seem to have prejudiced petitioner at trial. As noted by his own counsel at trial, there was no substantive evidence included in the interviews and, after speaking to witnesses, petitioner declined to call anyone in his defense to testify to the material contained in the interviews, despite having the circuit court's offer to subpoena any witness he desired. The State noted that the children were simply screened to ensure that no abuse to them had occurred. They were asked open-ended questions, and the allegations regarding the other children were never discussed. As the circuit court aptly noted, if petitioner had called these children to testify at trial, they simply would have testified that "nothing happened to them." Accordingly, we find that petitioner fails to prove that the CAC interviews were favorable to him as impeachment or exculpatory evidence or that the evidence was so material as to prejudice him at trial. Therefore, petitioner is entitled to no relief in this regard.

Based on the foregoing, we find no error below and affirm petitioner's November 5, 2018, sentencing order.

Affirmed.

**ISSUED:** April 6, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4